The opinion of the Court was delivered by
Fenner, J.
Plaintiff, holding a note secured 'by mortgage and vendor’s lien, made by Cornelius Ahern, who was dead and whose succession had not been opened, foreclosed by executory process, directing Ms proceedings against tbe widow in community and the minor children, 'represented by a curator ad hoc, duly appointed for the purpose.
The proceeding now before us is taken by Mrs. Aliern, as widow in community and natural tutrix, to annul tbe sale made therein, on the following grounds:
1. Because no service was made upon her in her capacity as tutrix. She bad not qualified as tutrix till sometime after the service, and the minors were properly represented by a curator, who was duly served. C. P. 116.
2. Because the person appointed to represent the minors was styled “ curator ad hoc and special tutor.” The last words are to be treated as surplusage, and do not affect the capacity of the curator.
3. Because the service on her was not in her proper name. The *887 notice was addressed to “ Lizzie Ahern,” (bom Katus) widow in community. The objection is that her maiden name was Keating,- and not Katus. Her maiden name was not essential, and the objection is frivolous.
4. Because no lawful appraisement was made, the sheriff having failed to swear the appraisers. The sheriff’s return shows that the appraisers were sworn. The attorney of the widow acted himself as her appraiser, and he testifies that he was not sworn. If not, his waiver of the oath was equivalent to her own, and cannot be invoked against the sale, bj1- her. 12 An. 838 ; 21 An. 64 ; 15 An. 374. There is nothing to contradict the sheriff’s return' that the other appraisers were sworn.
5. Because the property was. advertised and sold for cash, instead of on terms prescribed in the order.
The order, substantially, was to sell for cash, to pay plaintiff, and the purchaser to assume certain other outstanding mortgage notes. The sheriff, finding that the notes referred to were all past due, construed the order according to the law, and conceived that it was equivalent to an order to sell for cash. The order must have meant either a sale for cash, or a sale on terms of credit. Certainly, there could be no terms of credit in an assumption to pay notes already due. The law only provides for “ such te.rmB of credit as are granted to the debtor by the original contract, for the payment of such instalments as are not yet due.” C. P. 686.
The law guaranteed to the purchaser the right to retain in his hands the portion of the price accruing to such outstanding mortgages. This right was secured to, and exercised by the purchaser, and that is all that could be meant by that portion of the order directing the assumption of mortgages already due. It could not signify any terms of credit.
In any event, the act of the widow, through her attorney, in taking part in the appraisement of the property, with full knowledge of the proposed mode of sale, and her omission to make any objections prior to the sale, and the presence of attorney-at-law and in fact at the sale, preclude her present complaint. Nicholls vs. Mercier, 15 An. 374; Muller vs. Follain, 12 An. 838.
For these reasons, it is ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed, and it is now adjudged and decreed, that the injunction issued on the petition of Mrs. Ahern, widow and natural tutrix, be dissolved, and her demand rejected at her cost in both Courts.
Rehearing refused.
Levy, J., absent.